# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

RESPIRATORY SLEEP )
SOLUTIONS, INC., )
                                    )
         Plaintiff, )
                                    )
v. )    Case No. CIV-15-524-D
                                    )
BROCK GRUENBERG, HOMETOWN )
NEURODIAGNOSTICS, LLC, and )
HOMETOWN HOME HEALTH, INC., )
                                    )
         Defendants. )

## **O R D E R**

Before the Court is Defendants' Motion to Dismiss or, Alternately, Stay with Brief in Support [Doc. No. 12], which seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and the *Colorado River*[1] doctrine, due to the pendency of a related state court action.[2] Alternatively, Defendants request a stay under *Colorado River*. Plaintiff filed its response in opposition [Doc. No. 13]. The matter is fully briefed and at issue.

### **Factual and Procedural Background**

In July of 2014, Plaintiff Respiratory Sleep Solutions, Inc. ("Respiratory Sleep") and Defendant Brock Gruenberg ("Gruenberg") entered into an employment

---

[1] *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

[2] *Brock Gruenberg v. Respiratory Sleep Solutions, Inc.*, Case No. CJ-2015-789, District Court of Oklahoma County, Oklahoma.

contract titled "Respiratory Sleep Solutions, Inc. Sales Associate Employment Agreement – Oklahoma" ("Employment Agreement"). The Employment Agreement contained, among other provisions, covenants not to compete, non-solicitation clauses, a non-disclosure clause, and a choice of law provision.

On December 8, 2014, Gruenberg resigned from Respiratory Sleep and, soon after, began employment with Defendant Hometown Home Health, Inc. ("Hometown Home Health"). On or about January 19, 2015, Respiratory Sleep was notified by one of its referral services that the referral service had been solicited by Gruenberg on behalf of Defendant Hometown Neurodiagnostics, LLC ("Hometown Neurodiagnostics").

On February 3, 2015, Respiratory Sleep filed a Petition Requesting Deposition Before Suit in the District Court of Dallas County, Texas [Doc. No. 13-3] against Gruenberg, seeking to "obtain . . . testimony for use in an anticipated suit" to enforce, among other things, its non-compete provisions. *See id.* at 1. On February 9, 2015, Gruenberg brought a declaratory judgment action in the District Court of Oklahoma County, Oklahoma against Respiratory Sleep, seeking a declaratory judgment that the non-compete provisions in the Employment Agreement are unenforceable. On March 2, 2015, Respiratory Sleep filed a Motion to Dismiss the Oklahoma action for failure to state a claim upon which relief may be granted. Additionally, on March 2, 2015,

the Texas court granted Respiratory Sleep's Petition to take Gruenberg's deposition. On March 16, 2015, Gruenberg specially appeared and filed a Motion to Quash in the Texas court, arguing it lacked personal jurisdiction over him. On March 20, 2015, Hometown Neurodiagnostics also filed a special appearance in the Texas proceeding and argued lack of personal jurisdiction.

On May 14, 2015, Respiratory Sleep filed this federal action, listing the following causes of action in its Complaint: (1) violations of the Computer Fraud and Abuse Act; (2) copyright infringement; (3) breach of the Employment Agreement; (4) interference with existing contractual and business relationships; (5) misappropriation of trade secrets; (6) breach of fiduciary duties; (7) conversion; (8) intentional interference with prospective economic relations; and (9) conspiracy. On August 6, 2015, Respiratory Sleep's Motion to Dismiss the Oklahoma state court action was denied.

**Subject-Matter Jurisdiction**

Respiratory Sleep contends that the Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332(a). *See* Plaintiff's Original Complaint ("Complaint") at 2 [Doc. No. 1]. Defendants assert the "Court's jurisdiction . . . is questionable." *See* Motion at 9. Therefore, as a threshold matter, it is necessary to ascertain whether subject matter jurisdiction exists.

3

Respiratory Sleep has failed to sufficiently plead diversity jurisdiction. Respiratory Sleep is a Texas corporation with its principal place of business in Texas. Defendant Gruenberg is a resident of Oklahoma. According to the Oklahoma Secretary of State, Defendant Hometown Neurodiagnostics is an Oklahoma limited liability company. Respiratory Sleep fails to adequately allege in its Complaint Hometown Neurodiagnostics' citizenship for purposes of diversity, nor does the "search" information attached to the Complaint clarify the matter. *See* Complaint, Exhibit F [Doc. No. 1-6].[3] Defendant Hometown Home Health is an Oklahoma corporation. Respiratory Sleep fails to specify in its Complaint Hometown Home Health's principal place of business, nor does the "search" information attached to the Complaint disclose its principal place of business. *See* Complaint, Exhibit D [Doc. No. 1-4]. Respiratory Sleep also fails to allege in its Complaint the requisite amount in controversy. Therefore, this Court cannot readily determine the existence of diversity jurisdiction. Conclusory allegations that jurisdiction exists are insufficient. *Siloam Springs Hotel*, 781 F.3d at 1238 n.2 (citing *Mitchell v. Parham*, 357 F.2d 723 (10th Cir. 1966)).

---

[3]For diversity purposes, a limited liability company is treated as an unincorporated association or partnership. In determining the citizenship of an unincorporated association, federal courts must consider the citizenship of *all* of the entity's members. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015).

However, the complaint has properly invoked federal question jurisdiction. Plaintiff has asserted two federal causes of action: one arising under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and the other for trademark infringement. The remainder of Plaintiff's causes of action arise under state law and are subject to supplemental jurisdiction pursuant to 28 U.S.C. § 1367, which authorizes federal jurisdiction over state claims that are "so related [to a federal claim within the court's original jurisdiction] . . . that they form part of the same case or controversy." The Supreme Court has long recognized the "common nucleus" test to define what constitutes the "the same case or controversy." *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 61 L.R.R.M. (BNA) 2561 (1966). Specifically:

> [t]he state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole.

*Id.* at 725.

In the present case, Respiratory Sleep alleges Defendants conspired together to obtain and unlawfully use its trade secrets and confidential information and, to such end, Gruenberg violated the Computer Fraud and Abuse Act, breached the Employment Agreement and fiduciary duties owed to Respiratory Sleep, and

5

converted Respiratory Sleep's trade secrets and confidential information; Gruenberg and Hometown Neurodiagnostics infringed upon Respiratory Sleep's copyright and intentionally interfered with its prospective economic relations; and Hometown Home Health and Hometown Neurodiagnostics interfered with Respiratory Sleep's contractual and business relationships. These claims are such that one would ordinarily be expected to try them together, as they arise from the same nucleus of operative fact. Therefore, the Court has original jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the related state claims pursuant to 28 U.S.C. § 1367.

**Abstention**

Federal courts have discretionary authority to decline to exercise jurisdiction, and to abstain from hearing a matter, in light of parallel state court litigation. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

This Court has previously noted that the *Colorado River* doctrine:

> controls when deciding whether a district court should stay or dismiss a federal case pending the resolution of a parallel state court proceeding. The doctrine rests on a desire for judicial economy, not from constitutional concerns about federal-state comity, and requires a determination that there exist *exceptional circumstances, the clearest of justifications,* that can suffice under

6

> *Colorado River* to justify the surrender of jurisdiction . . . [T]he avoidance of duplicative litigation . . . is at the core of the [this] doctrine.
>
> In deciding the application of the *Colorado River* doctrine, a threshold issue is whether the state and federal actions are parallel. Exact identity of the parties and issues is not required. Instead, state and federal suits are parallel if substantially the same parties litigate substantially the same issues.

*Meyer Natural Foods, LLC v. C.R. Freeman*, No. CIV-12-1329-D, 2013 WL 5460823 at *4 (W.D. Okla. Sept. 30, 2013) (citations omitted, internal quotations omitted).

The present action is not "parallel" with the state court proceeding brought by Gruenberg against Respiratory Sleep. The state court action seeks only declaratory relief under Oklahoma law regarding the Employment Agreement's non-compete provisions. Conversely, the present case asserts nine causes of action, including questions of federal law, as well as that of Texas and Oklahoma law. Although both actions arise, at least in part, from the Employment Agreement, the federal action raises additional and significantly different issues and adds two parties. Therefore, the state and federal actions do not involve substantially the same parties or issues.

*Colorado River*'s four-factor analysis regarding abstention as rephrased by the Tenth Circuit is as follows: "(1) whether the state or federal court first assumed jurisdiction over the same *res*; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which jurisdiction

was obtained by the concurrent forums." *D.A. Osguthorpe Family Partnership v. ASH Utah, Inc.*, 705 F.3d 1223, 1234 (10th Cir. 2013) (citation omitted, internal quotations omitted). Furthermore, the Tenth Circuit acknowledged three additional factors in *Osguthorpe*: "[(5)] whether federal law provides the rule of decision on the merits, . . . [(6)] whether the state-court proceedings adequately protect the litigants' rights, . . . [and (7)] the possibly vexatious or reactive nature of either the federal or the state litigation." *Id.* at 1235 (quoting *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) (internal quotations omitted)). Together, *Colorado River*, *Moses H. Cone*, and *Osguthorpe* supply the seven factors that must be considered here.

The first factor is inapposite, as this is not an action *in rem* or *quasi in rem*. Additionally, the second factor carries little weight under these circumstances; the state court action began in the District Court of Oklahoma County, Oklahoma; the federal action was brought in the Western District of Oklahoma. Both courts are located in Oklahoma City, Oklahoma. Therefore, no inconvenience is present regarding the choice of the federal forum.

The third factor, avoiding piecemeal litigation, which was of "paramount consideration in *Colorado River*," does not weigh in favor of abstention in the present case. *Meyer*, 2013 WL 5460823 at *4 (citation omitted, internal quotations omitted).

Although both the state and federal litigation contain a cause of action specific to the Employment Agreement, the claims are not necessarily "overlapping [or] competing." *Id.* at *5. For example, if the state court were to find the provisions of the Employment Agreement which purport to bar Gruenberg from competing with Respiratory Sleep unenforceable under Oklahoma law, this Court would still have to determine other contractual rights between the parties, as well as the federal questions presented. Therefore, the claims are not "substantially the same" and there exists no significant threat of piecemeal litigation. *Id.* at *4.

The fourth factor also carries little weight in the present case. "In applying this factor [the order in which jurisdiction was obtained], priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Osguthorpe*, 705 F.3d at 1235 (quoting *Moses H. Cone*, 460 U.S. at 21) (internal quotations omitted). Although the state court action was initiated first by a few months' time, both the state and federal actions are relatively young. The protracted state court litigation that preceded the federal action in *Osguthorpe* and compelled the court to find exceptional circumstances in favor of abstention is missing here. Given the early stages in both proceedings, neither the state court action nor this action have consumed a substantial amount of judicial resources.

Regarding the fifth factor, federal law provides the rule of decision on the merits of only the two claims which arise under federal law. The other seven claims asserted in Respiratory Sleep's Complaint rely on Oklahoma and Texas law. However, as previously stated, the claims are such that one "would ordinarily be expected to try them all in one judicial proceeding." *Gibbs*, 383 U.S. at 725.

The sixth factor seeks to protect the litigants' rights by assuring all claims can be adequately addressed in state court if the federal court abstains. As asserted by Respiratory Sleep, at least some question exists as to whether, on the current state of the pleadings in the state court action, all of its claims could properly be asserted in that case. Thus, this factor does not militate in favor of abstention.

The final factor considers the possibility of a reactive suit in either forum. Prior to commencement of the state action, Respiratory Sleep requested a Dallas County court's permission to depose Gruenberg in anticipation of litigation. In its request, Respiratory Sleep stated "[t]he subject matter of the anticipated litigation is Gruenberg's breach of his [E]mployment [A]greement with Respiratory Sleep, including the noncompete provision, breach of his fiduciary duties owed to Respiratory Sleep, and violations of the Texas Uniform Trade Secrets [Act] (TUTSA) with regards to Respiratory Sleep's trade secrets." *See* Petition Requesting Deposition Before Suit at 1 [Doc. No. 13-3]. Six days later, Gruenberg filed suit in Oklahoma

County, Oklahoma, requesting declaratory judgment regarding non-compete provisions of the Employment Agreement. Three months later, the present federal case was filed and contains strong similarities to the three originally listed anticipated causes of action in Respiratory Sleep's Petition filed in the Texas court. On its face, the state court action suggests a pre-emptive filing by Gruenberg; therefore, consideration of this factor on the present record does not support abstention.

Based on the above analysis, Defendants' Motion is **DENIED**.

IT IS SO ORDERED this 19th day of October, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE